UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION

ROBERT CASEY )
)
Plaintiff, )
)
vs. ) Civil Action No.
) 12-CV-1066-JAR-KMH
)
SURE CHECK BROKERAGE, INC. )
)
Defendant, )
)

COMPLAINT AND DEMAND FOR JURY TRIAL

ROBERT CASEY, ("Plaintiff"), through the undersigned counsel, RAYMOND E. PROBST, JR., alleges the following against SURE CHECK BROKERAGE, INC., ("Defendant"):

INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Robert Casey, an individual consumer, against Defendant, Sure Check Brokerage, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

## PARTIES

3. Plaintiff, Robert Casey, is a natural person with a permanent residence in Wichita, Sedgwick County, Kansas 67219.

4. Upon information and belief the Defendant, Sure Check Brokerage, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 141 S. 4th St., Salina, Saline County, Kansas 67402. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff on or before September 11, 2011.

7. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff and did not identified that the communication was from a debt collector.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that the Defendant would take the Plaintiff to court and sue him in front of a judge.

10. Defendant has no standing to commence legal proceedings on behalf of the creditor.

11. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they pursue legal action.

12. The representations made to Plaintiff by Defendant regarding legal action were false.

13. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

14. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

16. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff and speaking to him in an offensive and verbally abusive manner.

## CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

    (d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    (e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

    (f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Robert Casey, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Sure Check Brokerage, Inc., for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA.

    B.    Actual damages.

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k.

    D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

    E.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

    F.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT CASEY, demands trial by jury in this action.

## DESIGNATION OF TRIAL

Plaintiff designates trial to be held at the Wichita Division.

This 29th day of February, 2012.

RESPECTFULLY SUBMITTED

THE PROBST LAW FIRM, P.A.

BY:     /s/ Raymond E. Probst, Jr.
Raymond E. Probst, Jr.
KS Bar No. 20370
Attorney for Plaintiff
827 Armstrong Avenue
Kansas City, KS 66101
(913) 281-0699

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(678) 781-1012
alex@fdcpalawyeronline.com